133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerard STE. MARIE, Plaintiff-Appellant.
v.
COUNTY OF LOS ANGELES, Rosa Cardenas; Clifford Wofford,
Defendants-Appellees.
 No. 96-56751.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1977.**
Decided Dec. 17, 1997.
 
 Before SNEED, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gerard Ste. Marie appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action for damages alleging violation of his Fourth Amendment rights and false imprisonment under California law. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a grant of summary judgment, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 
 3
 Ste. Marie contends that the district court erred by concluding that the County of Los Angeles was not liable for violation of his Fourth Amendment right to be free from unlawful seizure. Ste. Marie also contends that the district court erred by concluding that he was not falsely imprisoned by defendants.
 
 
 4
 Ste. Marie failed to submit evidence that his detention in the "stay desk" room after he refused to sign an "own recognizance" release agreement was an unlawful seizure. See Cal.Penal Code § 853.5 (providing that a traffic violator may be taken intc custody if he fails to sign a notice to appear), § 1318 (requiring a signed agreement for release on own recognizance); see also Easyriders Freedom F.I.G.H.T. v. Hannigan, 92 F.3d 1486, 1498 (9th Cir.1996) (stating that under California law, a traffic citation is considered an arrest). Because Ste. Marie failed to establish a triable issue as to the existence of a constitutional violation, he could not establish municipal liability. See Monell v. New York City Dep't. of Soc. Servs., 436 U.S. 658, 691, 694 (1978). Also, because Ste. Marie's detention was lawful, he could not establish that he was falsely imprisoned under California law. See Molko v. Holy Spirit Ass'n, 46 Cal.3d 1092, 1123 (1988) (stating that for tort of false imprisonment, confinement must be without lawful privilege).[1]
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Ste. Marie's false imprisonment claim is without merit, we need not reach the issue whether the individual defendants were immune from suit under state law. Ste. Marie does not appeal the district court's conclusion that the individual defendants were immune from suit on his Fourth Amendment claim